IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**CHAD ENGLAND,**                                                        **PLAINTIFF**
**Individually and on behalf of All**
**Others Similarly Situated**

vs.                         No. 7:16-cv-294

**CETCO Energy Services Company, LLC**                     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES now Plaintiff Chad England, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant CETCO Energy Services Company, LLC ("Defendant"), and in support thereof he does hereby state and allege as follows:

**I.**

## PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff individually and on behalf of all others similarly situated, against Defendant.

2. The proposed Section 216 class is composed entirely of employees who are or were Operators and/or Supervisors for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their fundamental rights under applicable federal wage and hour laws.

3. The proposed Section 216 class seek recovery of monetary damages for

all overtime worked by Plaintiff and the putative class members.

4. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

6. Plaintiff files herewith his own written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

## II.

## THE PARTIES

### A. Plaintiff

7. Plaintiff Chad England is a resident and citizen of Faulkner County, Arkansas. He was employed by Defendant to work in oilfields in Texas.

8. At all times relevant hereto Plaintiff was misclassified as exempt from overtime wages and paid a salary.

9. Plaintiff was employed by Defendant for about 10 months in 2014. He was classified as an Operator, and was later promoted to a Supervisor.

10. At all times relevant hereto, Plaintiff was misclassified as exempt from

overtime wages and paid a salary, together with a series of non-discretionary bonuses.

## B. Defendant

11. CETCO Energy Services Company, LLC ("CETCO"), is a for-profit, foreign limited liability company created and existing under and by virtue of the laws of Illinois, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

12. CETCO has annual gross revenues exceeding $500,000.00.

13. CETCO can be served through its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

14. CETCO was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

## III.

## JURISDICTION AND VENUE

15. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

16. The acts complained of herein were committed and had their principal effect against Plaintiff herein within the Midland-Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

# IV.

# REPRESENTATIVE ACTION ALLEGATIONS

17. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Operators and/or Field Supervisors who were, are or will be employed by Defendant and were improperly misclassified as exempt from payment of the overtime premium at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendant failed to pay due to the intentional misclassification of Plaintiff and of those similarly situated.

18. Plaintiff asserts violations of the FLSA on behalf of all persons who were employed by Defendant as Operators and/or Field Supervisors and who were misclassified (as exempt, but were in fact non-exempt) salaried or day rate employees from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

19. Plaintiff is unable to state the exact number of the class but believe that the class membership exceeds 50 persons. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

20. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

21. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

22. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

23. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform misclassification of them as exempt employees under the FLSA; and

B. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

**V.**

**FACTUAL ALLEGATIONS**

24. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

25. Plaintiff was an employee of Defendant within the last three years. Plaintiff was classified as a salaried employee.

26. Upon commencement of work at Defendant, Plaintiff did not sign any contract of employment setting forth their hours or wages. Plaintiff's annual

compensation was not less than $455.00 per week nor more than $100,000.00 per year.

27. In performing his services for Defendant, Plaintiff was not required to utilize any professional education relevant to his job duties.

28. Plaintiff's primary duties as Operators and/or Field Supervisors were to assist in fracking oil and gas wells.

29. Plaintiff was a classic blue-collar worker, spending his physical, demanding, long shifts outdoors in the elements, and not in an office.

30. During the course of their employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

31. Plaintiff did not select any employees for hire nor did they provide any formal training for any employee. Plaintiff had no ability to hire and fire any employees.

32. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

33. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

34. Similarly, Plaintiff did not have any responsibility for planning or controlling budgets.

35. Plaintiff regularly worked in excess of 80 hours in a workweek, and did not receive any overtime compensation.

36. Plaintiff and other similarly situated employees of Defendant benefited from participation in a plan by which they were eligible for and did in fact often receive non-discretionary bonuses.

37. Plaintiff and other similarly situated employees of Defendant worked more than 40 hours in almost all workweeks during which they were employed by Defendant.

## VI.

## **CLASS ACTION ALLEGATIONS**

38. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

39. Plaintiff brings this collective action to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

40. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

41. In addition, and in the alternative, Plaintiff brings this action in their individual and personal capacities, separate and apart from the class claims set forth herein.

42. Plaintiff also brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

> **All employees of Defendant who worked as Operators and/or Field Supervisors during the statutory period.**

43. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

44. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and

can only be ascertained through appropriate discovery, Plaintiff believes that at least fifty putative class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable statutory period.

## VII.

## **FIRST CLAIM FOR RELIEF**

## **(Individual Claims for Violation of FLSA)**

45. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

46. Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

47. Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

48. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

# VIII.

## SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA against Plaintiff and All Those Similarly Situated Class Members)

51. Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

52. Defendant required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

53. Defendant deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

54. Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

56. The entirety of both putative classes was eligible for the same non-discretionary bonuses as were Plaintiff.

# IX.

## EQUITABLE TOLLING

57. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein, pleading in the alternative.

58. Defendant failed to apprise Plaintiff and the collective class members of

their rights under the FLSA by posting USDOL-compliant notices in the workplaces of Plaintiff and the class members.

59. Plaintiff and the class members are entitled to a just and reasonable amount of equitable tolling.

## X.

## WILLFULNESS

60. Plaintiff repeats and re-allege all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

61. All actions by Defendant were willful and not the result of mistake or inadvertence.

62. Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

63. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Operators and/or Field Supervisors.

64. Law in support of the position taken by Plaintiff in this lawsuit is reflected in the U. S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendant within the time period of the statute of limitations that is applicable to this case.

65. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and other members of the proposed collective class and withhold overtime wages to them in an effort to enhance its profits.

66. Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendant about the unlawfulness of Defendant's manner of payment and policies related to improper payment procedures.

## XI.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Chad England, individually and on behalf of all others similarly situated, respectfully pray for declaratory relief and damages as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That each Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class member and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an

amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

        Respectfully submitted,

        **CHAD ENGLAND, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 S. Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
        Josh Sanford
        Texas. Bar No. 24077858
        josh@sanfordlawfirm.com